IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**ELDIE L. CRUZ, M.D.**

    **Plaintiff,**

v.      No.

**LOVELACE HEALTH SYSTEM, INC.,**
**LOVELACE HEALTH SYSTEM, INC. dba LOVELACE MEDICAL GROUP,**
**LOVELACE HEALTH SYSTEM**
**LOVELACE MEDICAL GROUP**
**AHS MANAGEMENT COMPANY, INC.,**
**AHS MANAGEMENT COMPANY, INC. dba ARDENT HEALTH SERVICES,**
**AHS NEW MEXICO HOLDINGS, INC.,**
**AHS ALBUQUERQUE HOLDINGS, LLC,**
**BHC MANAGEMENT SERVICES OF NEW MEXICO, LLC,**
**ARDENT HEALTH SERVICES, INC.,**
**ARDENT HEALTH SERVICES, LLC,**
**ARDENT HEALTH SERVICES, and**
**RELIANCE STANDARD LIFE INSURANCE COMPANY,**

    **Defendants.**

## COMPLAINT

COMES NOW Plaintiff Eldie L. Cruz, M.D. ("Plaintiff") and for his causes of action against Defendants alleges and states as follows:

### THE PARTIES

1. Plaintiff is a general surgeon.

2. Plaintiff is and has been at all material times a citizen and resident of the State of New Mexico, the City of Albuquerque, County of Bernalillo.

3. Defendant Lovelace Health System, Inc. is a Tennessee corporation operating healthcare facilities and employing physicians throughout the United States, and specific to this case, it owned and operated the Lovelace Medical Group, described herein.

4. Defendant Lovelace Health System, Inc. does business as and operates a medical group called Lovelace Medical Group which did at all relevant times employ physicians.

5. Upon information and belief, Lovelace Health System is a New Mexico corporation operating healthcare facilities through the state and employing physicians, and specific to this case, does business as, owns and operates the Lovelace Medical Group.

6. AHS Management Company, Inc. is a Tennessee corporation operating healthcare facilities throughout the United States and employing physicians, and specific to this case, does and or did business as Ardent Health Services.

7. AHS New Mexico Holdings, Inc. is a New Mexico corporation operating healthcare facilities and employing physicians, and specific to this case, owned and operated the Lovelace Medical Group.

8. AHS Albuquerque Holdings, LLC is a New Mexico corporation operating healthcare facilities and employing physicians, and specific to this case, owned and operated Lovelace Medical Group.

9. BHC Management Services of New Mexico, LLC is a New Mexico corporation operating health care facilities and employing physicians, and specific to this case, owned and operated Lovelace Medical Group.

10. Ardent Health Services, Inc. is a Delaware corporation operating healthcare facilities and employing physicians, and specific to this case, owned and operated Lovelace Medical Group.

11. Ardent Health Services, LLC is a Delaware corporation operating healthcare facilities and employing physicians, and specific to this case, owned and operated Lovelace Medical Group.

12. On information and belief, Ardent Health Services, Inc. and Ardent Health Services, LLC do business as Ardent Health Services and represent themselves as Ardent Health Services through various means, including but not limited to policies and procedures, employment documents, advertising materials, and the company code of conduct.

13. On information and belief, Ardent Health Services, Inc. is now BHC Holdings, Inc.

14. Ardent Health Services Inc. owns and operates five health systems, has 25,0000 employees and employs 1,150 providers.

15. Lovelace Health System, Inc., Lovelace Health System, Lovelace Medical Group, AHS Management Company, Inc., Ardent Health Services, AHS New Mexico Holdings, Inc., AHS Albuquerque Holdings, LLC, BHC Management Services of New Mexico, LLC, Ardent Health Services, Inc., Ardent Health Services, LLC are collectively referred to herein as "Lovelace" or the "Lovelace Defendants".

16. All of the Lovelace Defendants do business in New Mexico.

17. Reliance Standard Life Insurance, Inc. ("Reliance") is a corporation headquartered in Philadelphia, Pennsylvania that sells insurance products and services throughout the United States and that at all relevant times provided insurance services within the State of New Mexico.

18. The Lovelace Defendants and Reliance are collectively referred to herein as "Defendants".

## JURISDICTION AND VENUE

19. This action is brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001 et seq. including costs and attorneys fees pursuant to 29 U.S.C. 1132(e-g), the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., the New Mexico Insurance Code, 59A-1-1 through 59A-1-18 including Trade Practices and Frauds, 59A-16-1 through 59A-16-30, the New Mexico Administrative Code, Title 13 Insurance, as well as the common law as stated in this Complaint.

20. Jurisdiction and venue rules dictate that this Court is the appropriate forum as to this matter based on §502 of ERISA, 29 USC §§1331, 1132, and 28 U.S.C. §1391, which give the United States District Courts jurisdiction to hear civil actions brought to recover plan benefits and damages, order other declaratory relief and award attorneys fees and costs.

21. This Court has supplemental jurisdiction of the state law claims based upon the law of pendent and or ancillary jurisdiction pursuant to 28 U.S.C. 1367.

## THE FACTS

22. Lovelace employed Plaintiff as a general surgeon and offered the long

term disability plan ("LTD Plan") to its employees including Plaintiff as an organization affiliated with the Plan pursuant to ERISA, 29 U.S.C. §1002(1).

23. Lovelace was the sponsor and plan administrator of the LTD Plan pursuant to ERISA 20 U.S.C. §1002 (16)(A-B).

24. Lovelace breached its fiduciary duty to Plaintiff by failing to procure long term disability insurance from an insurer that would responsibly, fairly and timely process and pay for valid claims by Lovelace employees including Plaintiff, by failing to procure long term disability insurance with adequate coverage for insureds who suffer from disabilities like those Plaintiff suffers from, and by failing to provide information to Plaintiff detailing the long term disability coverage that Lovelace brokered which was sold to Plaintiff as a take-it-or-leave-it part of his employment as a Lovelace physician.

25. Reliance was the claims administrator of the LTD Plan pursuant to 20 U.S.C. §1002(16)(A).

26. Plaintiff participated in the LTD Plan and paid approximately three thousand dollars per year in premiums for disability coverage under the LTD Plan.

27. In December of 2015, Plaintiff ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

28. On March 1, 2016 Plaintiff made a claim for long term disability benefits ("LTD Benefits") under the LTD Plan.

29. Plaintiff and his treating physicians timely provided all required documentation demanded by Reliance in support of his claim for LTD Benefits, and Plaintiff has complied with all contractual requirements owed to all Defendants.

30. Reliance wrongfully denied Plaintiff's claim for LTD Benefits eight months after Plaintiff filed his claim, which denial was more than double the time allowed by Reliance's own internal guidelines to make a determination on disability benefits and over five times longer than allowed by the basic 45 day window specified in ERISA.

31. Plaintiff attempted to appeal the denial of LTD Benefits by Reliance in February 2017 but Reliance did not respond to Plaintiff's request to appeal.

32. To date, Reliance has wrongfully refused to process Plaintiff's request for appeal of the denial of his claim for LTD Benefits, and stated on September 5, 2018 to Plaintiff's counsel, that *"the original decision to deny benefits is final. . .[Reliance] will not initiate another review or reconsideration of the original decision."*

33. Reliance's violation of ERISA deadlines in denying Plaintiff's claim for LTD Benefits and wrongful refusal to allow Plaintiff to appeal the denial barred Plaintiff from receiving a full and fair review of his claim such that Plaintiff's claim was deemed denied under law which obviates the need to further exhaust administrative remedies and mandates that this Court conduct a de novo review of Plaintiff's claim for LTD Benefits.

34. As part of Reliance's denial of LTD Benefits payments, the Reliance claims administrator determined that Plaintiff was entitled to three months of LTD benefits to be paid by Lovelace based upon Reliance's finding that Plaintiff met the policy definition of Totally Disabled during the relevant period of time for which Lovelace was responsible to pay, but Lovelace did not pay LTD Benefits to Plaintiff.

35. During all relevant periods of time, Plaintiff has been Totally Disabled as defined in the LTD Plan.

36. Plaintiff received limited short term disability payments in early 2016, but all payments and employment compensation stopped in March 2016 when Lovelace unilaterally put Plaintiff on unpaid leave.

37. Plaintiff has received no disability benefits of any sort since March 2016 and never received long term disability benefits from either Lovelace or Reliance.

38. Beginning in early 2016, Plaintiff and his treating physicians repeatedly asked for reasonable accommodation from Lovelace under the ADA to allow Plaintiff to continue to work as a physician and support his family.

39. Lovelace failed to provide the reasonable accommodation requested by Plaintiff and responded by demanding more and more information over a period of many months, which demands ended without prior notice to Plaintiff when Lovelace informed Plaintiff on July 1, 2016 that he was fired.

40. Lovelace failed to pay Plaintiff any amounts between March 2016 until November 25, 2016 when Lovelace issued a one-time final payment to Plaintiff designated by Lovelace as "EXTRA PY", which amount Lovelace now argues is the missing LTD payments due from Lovelace even though the "EXTRA PY" has never before been described by Lovelace as LTD Benefits, the "EXTRA PY" amount does not equal the amount Lovelace was obligated to pay Plaintiff in LTD Benefits under the terms of the LTD policy, and the "EXTRA PY" was reduced by taxes and withholding contrary to the LTD policy language were this payment one for LTD Benefits.

41. Lovelace's unlawful discrimination against Plaintiff continued to and beyond February 27, 2018 when Lovelace notified Plaintiff that his medical privileges with

Lovelace were being terminated, thereby essentially prohibiting Plaintiff from working at all.

42. Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") regarding Lovelace's violation of the ADA and received a right to sue letter dated October 15, 2018.

43. Defendants' denial of and refusal to pay LTD Benefits is reviewed by this court de novo and Plaintiff seeks leave of this Court to submit new evidence of Plaintiff's disability which Plaintiff was prohibited from presenting due to the refusal of Reliance to provide Plaintiff the full and fair review to which he is entitled under law.

44. Defendants' wrongful conduct has caused Plaintiff and his family significant damages, causing his home to go into foreclosure, the repossession of two vehicles, personal debt including that caused by the cost of ▮▮▮▮▮▮▮▮▮▮ necessitated by Plaintiff's disability which Plaintiff paid for out-of-pocket, and the depletion of Plaintiff's retirement savings.

45. Plaintiff attempted to resolve this dispute with Defendants prior to filing this Complaint.

## COUNT I

### ERISA VIOLATIONS

46. Plaintiff restates the allegations of his Complaint.

47. Defendants' conduct in denying Plaintiff LTD Benefits is a violation of ERISA, 29 USC §1001 et seq., including 29 U.S.C. 1132(e-g), causing Plaintiff damages and entitling Plaintiff to damages, attorneys fees and costs.

## COUNT II

## ADA VIOLATIONS

48. Plaintiff restates the allegations of his Complaint.

49. Lovelace's actions violate the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., causing Plaintiff damages.

## COUNT III

## NEW MEXICO INSURANCE CODE AND INSURANCE ADMINISTRATIVE CODE VIOLATIONS

50. Plaintiff restates the allegations of his Complaint.

51. Defendants' actions violate the New Mexico Insurance Code, 59A-1-1 through 59A-1-18 including Trade Practices and Frauds, 59A-16-1 through 59A-16-30, and the New Mexico Administrative Code, Title 13 Insurance, causing Plaintiff damages.

## COUNT IV

## BREACH OF CONTRACT

52. Plaintiff restates the allegations of his Complaint.

53. Defendants' actions constitute breach of contract causing Plaintiff damages.

## COUNT V

## BREACH OF FIDUCIARY DUTY

54. Plaintiff restates the allegations of his Complaint.

55. Defendants' actions constitute breach of fiduciary duty causing Plaintiff damages.

## COUNT VI
## BAD FAITH

56. Plaintiff restates the allegations of his Complaint.

57. Defendants' actions constitute bad faith causing Plaintiff damages.

## COUNT VII
## INTENTIONAL MISREPRESENTATION, NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

58. Plaintiff restates the allegations of his Complaint.

59. Defendants' actions constitute intentional misrepresentation, negligence and negligent misrepresentation causing Plaintiff damages.

**WHEREFORE**, Plaintiff demands a trial by jury and prays for judgment against Defendants as follows:

    a.    For the gross amount of all unpaid disability benefits;

    b.    For a declaration that Defendants have breached their duties to Plaintiff by wrongfully denying LTD Benefits to Plaintiff, and estopping Defendants from continuing to deny LTD Benefits to Plaintiff;

    c.    For all damages caused to Plaintiff by Defendants;

    c.    For Plaintiff's attorney fees and costs pursuant to ERISA, the ADA and as otherwise allowed by law;

    d.    For pre-judgment and post-judgment interest; and

e. For such further relief as this Court deems just and equitable.

Respectfully Submitted,

*/s/ Lisa Lett Voorhis*

---

Lisa Lett Voorhis, Esq.
LISA VOORHIS LAW
12231 Academy Road NE, #301-120
Albuquerque, NM 87111
Tel: 505-797-7379
lisa@lisavoorhislaw.com

Attorney for Plaintiff