## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| ELDIE L. CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL NO. 1:18-cv-000974-RB-SCY |
| | ) | |
| LOVELACE HEALTH SYSTEMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on November 11, 2019 at 10:00 a.m. MST and was attended by:

| | |
|---|---|
| Jeremy Trujillo | for Plaintiff Eldie Cruz. |
| Jessica H. Thomas | for Defendant Lovelace. |
| Joshua Bachrach | for Defendant Reliance. |

## NATURE OF THE CASE

Plaintiff alleges ERISA violations under 29 U.S.C. § 1001 et. seq., including 29 U.S.C. 1132(e-g), against Defendants Reliance and Lovelace. Plaintiff also alleges Americans with Disabilities Act violations under 42 U.S.C. § 12101 *et. seq.* against Defendant Lovelace. Defendants Reliance and Lovelace deny all claims.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: N/A

Plaintiff should be allowed until December 11, 2019 to move to amend the pleadings and until December 11, 2019 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant Reliance intends to file: N/A

Defendant Lovelace intends to file: N/A

Defendants should be allowed until January 11, 2020 to move to amend the pleadings and until January 11, 2020 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## **STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction pursuant to 28 U.S. § 1331.

The parties are willing to further stipulate to the following facts: Facts admitted in the Answers filed by Defendant Reliance and Defendant Lovelace.

The parties further stipulate and agree that the law governing this case is:

The Americans with Disabilities Act of 1990, as amended, including all relevant statutes, regulations, and case law.

ERISA, including all relevant statutes, regulations, and case law.

## PLAINTIFF'S CONTENTIONS

**ERISA Claim:**

Plaintiff challenges the denial of long-term disability benefits under Plaintiff's ERISA plan for long term disability benefits. The plan was administered by Reliance and sponsored by Lovelace. Plaintiff seeks recovery of the benefits under the plan pursuant to 29 U.S.C. § 1132.

Plaintiff in late 2015 suffered from acute mental illness thereby leading him to be put on unpaid leave. In March 2016 Plaintiff applied for long term disability benefits through the plan administered by Reliance. On October 19, 2016, Reliance denied Plaintiff's benefits on the basis that Plaintiff was not totally disabled throughout the entirety of the elimination period defined in the plan. Plaintiff seeks relief from the court for his benefits that were wrongfully denied pursuant to the ERISA statute.

Plaintiff recognizes that evidence involved with his ERISA claim is normally strictly limited to the administrative record, i.e. the arguments and evidence presented to the administrator at the time it made its decision. However, Plaintiff states that this case is reviewed on a *de novo* basis and not under the arbitrary and capricious standard.[1] Under a *de novo* review, Reliance's conclusion that Plaintiff was not totally disabled through the elimination period was not correct given the evidence on file. Reliance furthermore in its review did not apply the correct definition of "totally disabled" indicated in the policy. Reliance's decision was without basis, contrary to the subject policy, and against the evidence on file.

Reliance based its denial decision solely on the peer report of Dr. Roy Q. Sanders. Dr. Sander's determination that Plaintiff was no longer completely disabled on May 1, 2016, only a

---

[1] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948 (1989).

few days before the end of the elimination period (May 8, 2016), was without basis or evidence. Several documents indicate Plaintiff's continuing treatment for his condition after May 1, 2016. Dr. Sanders indicates continuing treatment and problems faced by Plaintiff in April 2016. There are no records showing a regress of Plaintiff's symptoms on or immediately before/after May 1, 2016. Dr. Sanders further did not reach the conclusion as to whether Plaintiff could perform the material duties of his regular occupation and thereby failed to determine that Plaintiff was no longer totally disabled as defined by the subject policy. The evidence on file shows that Plaintiff was totally disabled as defined by the policy through the elimination period of 180 days. Furthermore, Dr. Sanders was not qualified to make determinations as to Plaintiff's mental health resulting from substance abuse-addiction. Therefore, Reliance's sole reliance on Dr. Sanders' report for making its denial determination rendered its decision as incorrect and without basis.

Plaintiff seeks the back and current benefits owed to him under the plan. Plaintiff furthermore is owed some long-term disability benefits by Lovelace which Reliance in its determination did decide was owed (approx. three months).

**ADA Claim:**

Plaintiff alleges unlawful discrimination by Lovelace against him as a result of his disability in violation of Title I of the American Disabilities Act, 42 U.S.C. § 12112. Plaintiff in late 2015 suffered from acute mental illness thereby leading him to be put on unpaid leave. Plaintiff at the time was a general surgeon with Lovelace. At the beginning of 2016, Plaintiff and his treating physicians asked for a reasonable accommodation from Lovelace to allow Plaintiff to continue work as a general surgeon or an otherwise qualified position in order to

support his family. Lovelace did not provide a reasonable accommodation but instead responded by demanding more information. On July 1, 2016 Plaintiff was terminated from his position by Lovelace. Plaintiff continued to have medical privileges through Lovelace at its various other locations as a physician.

Plaintiff maintains that at all times pertinent, Plaintiff and Lovelace maintained an employment relationship sufficient for purposes of Title I of the ADA. The discrimination continued through February 27, 2018 when Lovelace finally terminated the medical privileges of Plaintiff. Lovelace terminated these privileges based on Plaintiff's disability and such was a discriminatory act. Accordingly, in September 2018 Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) regarding the failure to provide accommodation and the discriminatory practice of terminating medical privileges. In October 2018 Plaintiff received a right to sue letter. Plaintiff maintains that the EEOC administrative claim was timely exhausted within 300 days of February 27, 2018 for both Lovelace's failure to provide accommodations and for terminating medical privileges.

As a result of Lovelace's discriminatory acts in failing to give accommodations and for terminating medical privileges, Plaintiff and his family have suffered significant financial damages. Plaintiff seeks back pay among other damages.

## **DEFENDANT LOVELACE'S CONTENTIONS**

**ADA Claim(s):**

Defendant Lovelace contends that Plaintiff's claims under Title I of the ADA, which relate to Plaintiff's requested accommodations at Lovelace Medical Group and/or termination, fail because Plaintiff failed to exhaust his administrative remedies by filing a Charge of

Discrimination within 300 days of each discrete discriminatory action. Lovelace further contends that Plaintiff's claims under Title I, related to Lovelace's refusal to grant Plaintiff's requested accommodations and/or termination of Plaintiff's employment and/or the Physician Employment Agreement ("the Agreement") pursuant to which he was employed, fail because Plaintiff was not a qualified individual under the ADA. In any event, Plaintiff was in fact granted an accommodation in the form of leave and continued leave. However, any other requested accommodations were not reasonable and/or would have been an undue burden on Lovelace. Plaintiff's employment terminated on the date of termination pursuant to the express terms of the Agreement.

Defendant Lovelace further contends that any claim brought under Title I of the ADA premised on Plaintiff's termination of medical privileges fails because there was no employment relationship between Plaintiff and Lovelace after July 31, 2016, such that a claim premised on the termination of medical privileges in 2018 could arise under Title I of the ADA. Moreover, even to the extent that Plaintiff alleges an employment relationship, Plaintiff was not a qualified individual under the ADA and his privileges were terminated for legitimate, nondiscriminatory reasons.

**ERISA Claim**:

Defendant Lovelace contends that Plaintiff's ERISA claim fails because Lovelace paid Plaintiff all benefits that RSLIC approved and to which he was entitled.

## DEFENDANT RELIANCE'S CONTENTIONS

The Reliance Standard policy under which Plaintiff seeks benefits defines Total Disability as an inability to perform the material duties of the insured's regular occupation due to

injury or sickness. An insured must prove disability throughout a 180-day Elimination Period, during which benefits are not payable. In this case, the Elimination Period extended from November 10, 2015 to May 8, 2018.

Plaintiff, a physician, stopped working on November 10, 2015 and entered a residential treatment program for substance abuse. He was discharged from the facility one month later, on December 10, 2015. Follow-up treatment records show improvement. Plaintiff was "feeling well without any specific complaints". He continued to participate in group meetings with no indication of a behavioral or chemical relapse.

To fully assess the claim, Reliance obtained an independent physician peer review. Roy Q. Sanders, M.D., Board Certified in Psychiatry with sub-specialty certification in addiction psychiatry reviewed Plaintiff's records and concluded that Plaintiff was capable of working, without any restrictions, as of May 1, 2016. In other words, Plaintiff was not disabled throughout the Elimination Period. His claim was denied.

Plaintiff was notified of the decision on October 19, 2016. He was informed of his right to appeal from the decision within 180 days. Plaintiff attempted to submit an untimely appeal two years later. The attempted appeal was rejected on August 17, 2018. In addition to the defenses related to the denial of the claim, Reliance asserts that Plaintiff's claims are barred by his failure to exhaust.

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

**Plaintiff's Witness List**

1.  Eldie Cruz
    c/o Counsel of Record

Information regarding his mental health from 2015 to present day; employment at Lovelace; duties of general surgeon; experience as general surgeon; denial of benefits; application for and denial of accommodation to return to work; damages

2.  Breann Rodriguez
    2504 Villa Doro Way NW
    Albuquerque, NM 87104

Information regarding Plaintiff's appearance and behavior from 2015 to present day; damages

3.  Shannon Stromberg MD
    Stephen Frederick MD
    Jonathan Bolton MD
    Victor A. Balta MD
    UNM Psychiatric Center
    2600 Marble NE
    Albuquerque, NM 87131

Plaintiff's treatment for substance abuse/mental health issues; Plaintiff's appearance, behavior, and coherency; Plaintiff's abilities to return to work

4.  Denise D'Coda MC LMFT/LADAC
    Focused Recover of New Mexico
    3939 San Pedro Rd, D1
    Albuquerque, NM 87110

Plaintiff's treatment for substance abuse/mental health issues; Plaintiff's appearance, behavior, and coherency.

5.  Matthew Brydbell
    Reliance Standard Life Insurance
    c/o Counsel for Defendant Reliance Standard Life Insurance

Communications with Plaintiff regarding ERISA benefits plan.

6.  John R. Vigil MD
    3150 Carlisle Blvd. NE, Ste 107

       Albuquerque, NM 87110

Treatment of Plaintiff's mental health issues as treating physician; Plaintiff's treatment for substance abuse/mental health issues; return to work approval; communications with Plaintiff; communications with Lovelace and/or its agents.

7.     Jeffrey Ross MD
       Medical Executive Committee
       Lovelace Medical Group/Medical Center
       500 Walter St NE #104
       Albuquerque, NM 87102

Time as chair of medical executive committee ("MEC"); decision to put Plaintiff on unpaid leave; Plaintiff's requests for accommodation; denial of accommodation requests; termination of Plaintiff; medical privileges to physicians; medical privileges to Plaintiff; termination of Plaintiff's medical privileges.

8.     John Cruickshank MD
       Lovelace Medical Group
       4101 Indian School Rd.
       Albuquerque, NM 87110
       c/o Counsel for Lovelace

Communications with Plaintiff; decision to put Plaintiff on unpaid leave; Plaintiff's requests for accommodation; denial of accommodation requests; termination of Plaintiff; medical privileges to physicians; medical privileges to Plaintiff; termination of Plaintiff's medical privileges.

9.     Troy Greer
       Lovelace Medical Center
       601 Dr. Martin Luther King Jr. Ave NE
       Albuquerque, NM 87102
       c/o Counsel for Lovelace

CEO of Lovelace Medical Center; time on the MEC; decision to put Plaintiff on unpaid leave; Plaintiff's requests for accommodation; denial of accommodation requests; termination of Plaintiff; medical privileges to physicians; medical privileges to Plaintiff; termination of Plaintiff's medical privileges.

**Defendant Lovelace's Witness List**

The following witnesses are listed pursuant to Plaintiff's ADA claims. The merits of Plaintiff's ERISA claim will be decided on motion, based on a review of the administrative record. To the extent that the issue of payment of approved ERISA benefits requires testimony, Lovelace shall designate a representative.

1. Eldie Cruz

    Plaintiff
    c/o of Plaintiff's counsel

Plaintiff is expected to testify regarding his claims and alleged damages, including but not limited to his mitigation of damages.

2. Dr. John Cruickshank

    Chief Executive Officer
    Lovelace Medical Group
    c/o Patrick Clark
    191 Peachtree Street, NE
    Suite 4800
    Atlanta, Ga 30303
    404-881-1300

Dr. Cruickshank is expected to testify about his knowledge of the allegations in Plaintiff's complaint, his interactions with Plaintiff, and the events that led to the termination of Plaintiff's employment and the Physician Employment Agreement.

3. Patricia Harris

    Director of Human Resources (former)
    Current address and phone number is unknown to Defendant.

Ms. Harris is expected to testify about her knowledge of the allegations in Plaintiff's Complaint, her interactions with Plaintiff, including but not limited to her communications with Plaintiff and his physician, and the events that led to the termination of Plaintiff's employment and the Physician Employment Agreement.

4. Dr. John Vigil

    Plaintiff's Treating Physician
    3150 Carlisle Blvd. NE, Ste 107

Albuquerque, NM 87110
505-884-3344

Dr. Vigil is expected to testify about his treatment and diagnosis of Plaintiff and his engagement in the interactive process under the ADA with Lovelace Medical Group.

5.  Ashly Wenger

    Lovelace Medical Center, Medical Staff Affairs
    c/o Patrick Clark
    191 Peachtree Street, NE
    Suite 4800
    Atlanta, Ga 30303
    404-881-1300

Ms. Wenger is expected to testify about her interactions with Plaintiff and her knowledge of Plaintiff's retention and termination of medical privileges at Lovelace Medical Center, and the process and procedures for physicians to receive and hold medical privileges at Lovelace Medical Center.

6.  Dr. Gregory Nelcamp

    Lovelace Medical Center, Medical Staff Affairs
    c/o Patrick Clark
    191 Peachtree Street, NE
    Suite 4800
    Atlanta, Ga 30303
    404-881-1300

Dr. Nelcamp is expected to testify about Plaintiff's retention and termination of medical privileges at Lovelace Medical Center.

7.  Dr. Jeffrey Ross

    Physician, Lovelace Medical Center Chief of Staff
    500 Walter St NE
    Ste 104
    Albuquerque NM, 87102
    505-848-3730

Dr. Ross is expected to testify about Plaintiff's communications regarding his intention to return to work at Lovelace Medical Group and Plaintiff's retention and termination of medical privileges Lovelace Medical Center.

8.   Representative from Davita Medical Group, who is expected to testify about Plaintiff's employment with Davita Medical Group.

9.   Representative from the New Mexico Monitored Treatment Program, who is expected to testify about Plaintiff's participation in the program, including the stipulations that Plaintiff agreed to follow as a condition of his entrance into the program.

10.   Representative from the New Mexico Medical Board, who is expected to testify about the status of Plaintiff's medical license at all relevant times.

11.   Any witness identified in the Initial Disclosures submitted by Plaintiff or Defendant Reliance.

12.   Any witness identified during discovery.

13.   Any witness needed for rebuttal or impeachment.

14.   Any witness needed to authenticate documents.

**<u>Defendant Reliance's Witness List</u>**

As to the ERISA claim against Reliance, this is an action for review on an administrative record and Reliance expects that this matter will be decided on summary judgment motions. In the event that trial is necessary, identifies Richard Hellwig, Supervisor, Appeals, Reliance Standard Life Insurance Company.

List all documents which you believe, at this time, will be exhibits at the trial.

**<u>Plaintiff's Document List</u>**

1.   Reliance Administrative File including: Benefits denial letter dated 10/19/16

2.   Peer Review Report

3.   Medical Progress Note dated 5/12/16

4.   Psychiatric Progress Notes dated 4/23/16

5.   BH Adult Discharge Summary dated 12/14/15

6.   New Mexico Monitored Treatment Program dated 7/11/16, 7/10/16, 3/7/16, 3/4/16, 4/4/16, 5/2/16, 5/31/16

7. Psychiatric Emergency Services Triage Form dated 12/12/15

**Defendant Lovelace's Document List**

1. Select documents from Plaintiff's personnel file.

2. Plaintiff's FMLA file.

3. Documentation related to Plaintiff's requests for accommodations under the Americans with Disabilities Act of 1990 and Lovelace's responses.

4. Documentation related to Plaintiff's request for long-term disability benefits.

5. Documentation related to Plaintiff's medical privileges at Lovelace Health System hospitals.

6. Plaintiff's Physician Employment Agreement.

7. Correspondence sent from John Cruickshank to Eldie Cruz, terminating agreement Physician Employment Agreement.

8. The ERISA Administrative Record.

9. Paystubs showing payment of benefits.

**Defendant Reliance's Document List**

1. The Administrative Record.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Not applicable at this time. The parties will supplement if needed.

Discovery will be needed on the following subjects:

**Plaintiff's Topics**

1. Any documents that may be missing from the ERISA administration file from Defendant Reliance.

2. Relevant communications between Lovelace and Plaintiff.

3. Information and documents regarding decision to terminate Plaintiff and to terminate his medical privileges.

- Individuals involved in making termination decision(s).
- Policies, procedures, and guidelines of Lovelace for making termination decision(s).

4. Plaintiff's personnel file and performance reviews.

5. Information regarding similarly situated physicians with Lovelace.

6. Other incidents of alleged ADA violations by Lovelace.

**Defendant Lovelace's Topics (as to ADA claims)**

1. Whether Plaintiff can prove that an employment relationship existed between Lovelace and Plaintiff after the termination of Plaintiff's employment and the Physician Employment Agreement on July 31, 2016.

2. Whether Plaintiff can prove that he exhausted his administrative remedies by filing a timely Charge of Discrimination.

3. Whether Plaintiff can establish that his claim regarding the termination of his medical privileges arises under Title I of the ADA.

4. Whether Plaintiff can prove that the termination of his medical privileges was an adverse employment action undertaken by Lovelace.

5. Whether Plaintiff can prove that he is a qualified individual under the ADA.

6. Whether Plaintiff can prove that Lovelace failed to make a reasonable accommodation to Plaintiff.

7. Whether Lovelace had legitimate, nondiscriminatory reasons for any action taken in relation to Plaintiff's employment at Lovelace Medical Group or his termination of medical privileges at Lovelace hospitals.

8. Whether Plaintiff can prove that he is owed additional benefits from Defendant Lovelace.

9. Plaintiff's damages, if any.

**Defendant Reliance's Topics**

N/A

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiffs and 10 by each remaining Defendant.

Each deposition (other than that of the Plaintiff and Rule 30(b)(6)) witnesses shall be limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by March 30, 2020.

    from Defendants by April 30, 2020.

Supplementation under Rule 26(e) due within thirty (30) days after the party's discovery of facts which trigger the need for supplementation.

All discovery commenced in time to be completed by May 29, 2020. Discovery on *(issue for early discovery)* to be completed by N/A.

Other Items: N/A

## PRETRIAL MOTIONS

Plaintiff intends to file: Motion for Summary Judgment, which shall be due June 29, 2020. Defendants' Responses shall be due by July 13, 2020. Plaintiff's Reply shall be due by July 27, 2020.

Defendant Lovelace intends to file: Motion for Summary Judgment, which shall be due by June 29, 2020. Plaintiff's Response shall be due by July 13, 2020. Defendant's Reply shall be due by July 27, 2020.

Defendant Reliance intends to file: Motion for Summary Judgment, which shall be due by June 29, 2020. Plaintiff's Response shall be due by July 13, 2020. Defendant's Reply shall be due by July 27, 2020.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5 days.

X    This is a non-jury case as to claims asserted under ERISA.

X    This is a jury case as to claims asserted under the ADA.

The parties request a pretrial conference thirty days prior to the date of trial.

## SETTLEMENT

The possibility of settlement in this case is considered unlikely. The parties request a settlement conference thirty days before the close of discovery.

**EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

                              APPROVED WITH/WITHOUT EXCEPTIONS
                              (note exceptions above)

/s/ *Jeremy Trujillo*
For Plaintiff

*/s/ Jessica H. Thomas*
For Defendant Lovelace

*/s/ Joshua Bachrach*
For Defendant Reliance

40095239.1