UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**ELDIE L. CRUZ, M.D.,**

      **Plaintiff,**

v.                                                                                                     **No. 1:18-cv-00974-RB-SCY**

**RELIANCE STANDARD LIFE**
**INSURANCE COMPANY,**

      **Defendants.**

## ORDER GRANTING MOTION TO SUBMIT RESPONSE OUT OF TIME

Plaintiff Eldie Cruz filed his Motion for Summary Judgment on March 18, 2020. (Doc. 125.) Under the Court's Local Rules, Defendant Reliance Standard Life Insurance Company's (Reliance) response was due on April 1, 2020. D.N.M. LR-Div. 7.4(a). Due to a unique set of circumstances, Reliance missed the deadline. (*See* Doc. 127.) Reliance now moves to file its response out of time, and Mr. Cruz opposes the motion. (*See id.*; Doc. 128.) The Court finds that Reliance has demonstrated excusable neglect for the missed deadline and will grant its motion to file the response out of time.

**I.**     **Legal Standard**

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons*

*Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b) . . . ." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (citations omitted).

## II.   Analysis

The Court will allow Reliance to file its response out of time. Scott Sweeney, counsel for Reliance, explains the unprecedented circumstances that led to the missed deadline as follows. First, Wilson Elser, the Colorado law firm representing Reliance, experienced a cyberattack in February 2020 "that prevented access to computer applications and files" and caused Reliance to miss its deadline to file the Administrative Record in this case. (*See* Docs. 122 at 1; 129 at 1.) Consequently, the Court granted Reliance's requested extension to file the Administrative Record and for the parties to file their associated briefs. (*See* Doc. 123.) Mr. Cruz filed his Motion for Summary Judgment on March 18, 2020 (Doc. 125), and Mr. Sweeney timely drafted Reliance's response. (*See* Doc. 127 at 1.)

In the interim, the governor of Colorado implemented a statewide stay-at-home order due to the national COVID-19 pandemic. *See* Gov. Polis Announces Statewide Stay-At-Home Order, Provides Update on Colorado Response to COVID-19 (Mar. 25, 2020), available at https://colorado.gov/governor/new/gov-polis-announces-statewide-stay-home-order-provides-update-colorado-response-covid-19. As a result, Mr. Sweeney and his paralegal transitioned to working from home. (Doc. 129 at 1–2.) Mr. Sweeney sent his paralegal a final draft of Reliance's response brief on March 30, 2020, and his paralegal finalized it for filing. (*See* Docs. 127 at 1–2; 127-1 ¶¶ 1–2.) Due to the damage caused by the earlier cyberattack, and because standard procedures were disrupted with the firm's staff working from home, the response deadline was not

properly calendared and Reliance failed to file the response on time. (*See* Docs. 127 at 2; 127-1 ¶¶ 3–4.)

Reliance contends that these circumstances provide "a text book example of excusable neglect as well as good cause." (Doc. 129 at 2.)

> In determining whether a movant has shown excusable neglect, a court should consider the circumstances, including: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith.

*Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 632 (D.N.M. 2013) (citing *Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006)).

Mr. Cruz disagrees and cites *Candelaria v. Molina Healthcare, Inc.*, where a plaintiff's attorney failed to timely file a motion to certify a class due to a calendaring error. No. CV 18-725 WJ/GBW, 2019 WL 4643946, at *1 (D.N.M. Sept. 24, 2019). In *Candelaria*, the Court found that the "calendaring error in question would delay the entire case for a minimum of ninety days, causing substantial prejudice to Defendants and efficient judicial administration." *Id.* at *7. Here, Mr. Cruz does not allege that he has been prejudiced by Reliance's six-day delay, nor that there would be any impact on this lawsuit if the Court grants the delay. (*See* Doc. 128.) Instead, he argues that Reliance knew of the deadline since February 21, 2020, the date the Court granted its motion to extend. (Doc. 128 at 3 (citing Doc. 123).) He further argues that this calendaring error, coupled with the difficulties arising from working from home, are insufficient to satisfy the good cause requirement. (*Id.*) Finally, he points out that his own attorney was able to draft and timely file the motion for summary judgment from home during the same pandemic. (*Id.*)

Under ordinary circumstances, a simple calendaring mistake may not qualify as excusable neglect. But the United States Supreme Court has explained "that the determination whether a

party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Here, Reliance suffered a one-two punch consisting of a cyberattack and an international pandemic with real life changes within weeks of each other. Moreover, the Court finds that Reliance acted in good faith by alerting Mr. Cruz and the Court when Mr. Sweeney discovered the mistake. Accordingly, the Court will allow the extension.

    **THEREFORE,**

    **IT IS ORDERED** that Reliance's Motion for Leave to File Out-of-Time Response (Doc. 127) is **GRANTED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE